UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENNIS BICEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C&S WHOLESALE GROCERS, INC., et al.,<br><br>　　　　Defendants. | Case No. 13-mc-80130 RS (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AND EARTHBOUND'S MOTIONS TO QUASH DEFENDANTS' SUBPOENA**<br><br>Re: Dkt. Nos. 5, 8 |

　　This case arises from a wage and hour putative class action filed by plaintiff against defendants in the Superior Court for the County of Sacramento. *See* Dkt. No. 6. Defendants removed the action to the U.S. District Court for the Eastern District of California, Case No. 13-cv-00411 MCE (KJN), and plaintiff filed a motion to remand, which is currently pending before that Court.

　　Defendants have served a subpoena on Earthbound, plaintiff's current employer, which issued from this Court. Dkt. No. 6 at 31-39. The subpoena seeks "Any and all records, including electronically stored information, relating to [plaintiff]'s employment with Earthbound Farm Organic, LLC., covering the time period January 1, 2011 to the present, including, but not limited to" numerous categories of documents listed in the subpoena. *Id.* at 31-39. Plaintiff filed a motion to quash defendants' subpoena in this

Case No. 13-mc-80130 RS (NC)
ORDER RE: MOTIONS TO QUASH
DEFENDANTS' SUBPOENA

Court, requesting that the Court quash or modify the subpoena on the grounds that it infringes on plaintiff's right to privacy in his employment records, is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, and unduly burdensome to third party Earthbound. Earthbound also filed a motion to quash the subpoena. In addition to the privacy, overbreadth, and burden objections raised by plaintiff, Earthbound argues that the subpoena seeks confidential business and commercial information of Earthbound that is protected from disclosure. *See* Dkt. Nos. 5, 8. As stated in their opposition to the motions to quash, defendants have agreed to substantially limit the subpoena to categories A, B, and C 1-7, and C 32 on the attachment to the subpoena. Dkt. Nos. 12 at 9; 6 at 36-37. Plaintiff and Earthbound contend that the limited subpoena should still be quashed or narrowed for the reasons presented in their motions. *See* Dkt. Nos. 13, 14.

This case has been referred for discovery to the undersigned Magistrate Judge. Dkt. No. 4. On July 31, 2013, the Court held a hearing on plaintiff's and Earthbound's motions to quash. For the reasons stated at the hearing, the Court GRANTS IN PART AND DENIES IN PART the motions to quash, as follows:

1. By August 14, 2013, Earthbound must produce to defendants:

(A) The external job posting(s) for the job for which plaintiff applied at Earthbound; and

(B) Plaintiff's employment application and resume provided to Earthbound, as well as any cover letter(s) to such application and resume.

The discovery permitted in this order is limited to the time period from January 1, 2011 to the present.

In their opposition, defendants asserted that they have no alternative means to obtain the employment information sought in the subpoena because plaintiff has refused to produce documents in response to defendants' documents requests based on the attorney-client privilege. Dkt. No. 12 at 14. At the hearing, defendants' counsel was unable to point to any withheld documents, and plaintiff's counsel represented that no documents have been

withheld on such a basis.  Accordingly, the Court does not need to rule on the applicability of the attorney-client privilege at this time.

2. The remainder of the subpoena is quashed because it is irrelevant, overly broad, unduly burdensome, seeks disclosure of confidential commercial information, and of employment records with respect to which defendants' need does not outweigh plaintiff's privacy rights. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv) (providing that a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden); 45(c)(3)(B)(i) (providing that a court may quash or modify a subpoena that requires disclosing a trade secret or other confidential research, development, or commercial information); *see also Bickley v. Schneider Nat., Inc.*, No. 08-cv-5806 JSW (JL), 2011 WL 1344195, at *2-3 (N.D. Cal. Apr. 8, 2011) (recognizing an employee's right to privacy in personnel records and employment information in quashing defendant's subpoenas of plaintiffs' employment records from former employers); *Buchanan v. Homeservices Lending, LLC*, No. 11-cv-0922 L (MDD), 2011 WL 6778472, at *2 (S.D. Cal. Dec. 22, 2011) (quashing defendants' subpoena to plaintiff's current employer seeking employment records of plaintiff).

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order.  *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: August 1, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge